NEMECEK & COLE
A PROFESSIONAL CORPORATION
16255 VENTURA BOULEVARD, SUITE 300, ENCINO, CALIFORNIA 91436-2300
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328

**EXHIBIT 10**

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

VINCENT MILLER (SBN 291973)
vincent@vincentmillerlaw.com
NICK SAGE (SBN 298972)
nick@vincentmillerlaw.com
James Jirn (SBN 241189)
james@vincentmillerlaw.com
The Law Offices of Vincent Miller
16255 Ventura Boulevard, Suite 625
Encino, CA 91436
Telephone: (213) 948-5702
Attorneys for Plaintiff Frances Rafftari

FILED
Superior Court of California
County of Los Angeles

10/07/2025

David W. Slayton, Executive Officer / Clerk of Court

By: _____ Deputy
        N. Osoro

## Superior Court of the State of California

## For the County of Los Angeles

FRANCES RAFTARI,

Plaintiff,

vs.

PROGRESSIVE INSURANCE, INC., GEICO INSURANCE, INC., and DOES 1 through 10, inclusive,

Defendants.

Case No. 25STCV16107

**FIRST AMENDED COMPLAINT FOR:**

1. **NEGLIGENCE**
2. **BREACH OF CONTRACT**
3. **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**
4. **BAD FAITH**
5. **DECLARATORY RELIEF**

COMES NOW, Plaintiffs, Frances Raftari alleges as follows:

### INTRODUCTION

1. This should have been an easily resolved car accident case. On June 4, 2023, Sarah Jafari was driving in her car, with Plaintiff Francis Raftari a passenger. Another driver caused an accident

- 1 -
COMPLAINT FOR BAD FAITH, NEGLIGENCE AND BREACH OF CONTRACT

and fled the scene. The Plaintiff and Ms. Jafari were injured and received medical treatment later that evening. When the Plaintiff and Ms. Jafari were done receiving treatment, their attorney sent the insurance company Defendants a summary of treatment and bills with a demand for settlement. However, the Defendants made no effort to settle the case, as they acted in bad faith, not investigating the accident, but instead denying the claim with no evidence that it was not a legitimate claim. The Defendants and their attorneys instead lied and accused the Plaintiffs of fraud. In particular, Lacey M Yelverton, claims specialist for Progressive engaged in bad faith, as she made zero effort to negotiate and settle the claims. Neither Yelverton or the attorneys made any effort to interview the Plaintiff about the claim. Yelverton claimed she wanted to interview the Plaintiff and the driver, but Progressive brought in attorneys before any interviews were done. The attorneys also did no interviews. Progressive and the attorneys simply lied that the Plaintiff was committing fraud.

2. Plaintiffs Frances Raftari and Sarah Jafari ("Plaintiffs') at all times herein mentioned were, and are individuals residing in the County of Los Angeles, State of California.

3. Plaintiff is informed informed and believes, and on that basis allege, that defendants, Progressive Insurance, Inc. and Geico Insurance, Inc. ("Defendants") at all times herein relevant were and now are, corporations duly organized and existing under the laws of the State of California, licensed to do business and actually doing business as an insurance agent and as an insurer and issuing insurance Policies in the state of California, with its principal place of business in the State of California.

4. This Court is the proper Court for the trial of this action because the Property owned by Plaintiffs, and at all relevant times mentioned herein was, located in the County of Los Angeles, and the incident (the car accident) took place in the County of Los Angeles.

5.    The true names and/or capacities, whether individual, corporate, associate or

- 2 -
COMPLAINT FOR BAD FAITH, NEGLIGENCE AND BREACH OF CONTRACT

otherwise, of defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff at this time, who therefore sue said defendants by such fictitious names. Plaintiffs are informed and believe and therefore allege that each of the defendants designated herein by fictitious name is in some manner responsible for the events and happenings herein referred to, and caused damages proximately and foreseeably thereby to Plaintiff as hereinafter alleged. Plaintiffs ask leave of the Court to amend this Complaint when the true names and capacities have been ascertained.

6.      Driver Sarah Jafari was properly insured by Progressive Insurance, and Frances Raftari was properly insured by Geico Insurance, and paid substantial premiums, as Defendants sold plaintiff and Ms. Jafai annual liability insurance Policies (the Policies) which provided insurance coverage for, among other things, personal injury as defined in the Policies. The insurance policies included uninsured motorist insurance. The driver and the Plaintiff's policies here covered the hit and run accident caused by the other driver. Lacey M Yelverton, claims specialist for Progressive, made no effort to resolve matters, and instead acted in bad faith, with no effort to investigate the claims.

## GENERAL ALLEGATIONS

7.      Sarah Jafari was driving her car on June 4, 2023, with Frances Raftari as a passenger. A hit and run driver hit their car and the Plaintiff and Ms. Jafari were injured. This was a simple car accident case, negligence that is covered by the Defendants.

8. The Plaintiff and Ms. Jafari were injured through the fault of another driver. Plaintiff Frances Raftari has permanent injuries to her neck, spine, and knee, and severe insomnia despite intensive treatment with spinal injections. She faces future medical costs with further treatment. Sarah Jafari also suffered serious injuries and remains in pain. However, due to a mental illness she mostly avoided treatment.

COMPLAINT FOR BAD FAITH, NEGLIGENCE AND BREACH OF CONTRACT

9. The Defendants were sent the medical bills and reports. After a series of painful spinal injections, the total bills for Ms. Raftari is $66,503.49. In addition, required future treatment (including with ablation of the medial branch nerve) will cost a minimum of $35,000. This brings her total bills to $101,503.49. Sarah Jafari resisted treatment and subsequently her bills are only $2,600. However, she does have permanent pain in her neck as a result of the accident.

10. The Defendants never interviewed the Plaintiff or Ms. Jafari. The Defendants are dishonest in accusing the Plaintiff and Ms. Jafari of fraud in their claims. The Defendants simply fabricated the claim of fraud as the Defendants did not interview the Plaintiff and made no effort to investigate the matter. The Defendants made zero effort to settle and resolve this matter.

## FIRST CAUSE OF ACTION

### (Negligence Against Defendants Progressive and Geico)

11. Plaintiff repeats and realleges the allegations of paragraphs 1 through 10 of this complaint as though set forth in full herein.

12. The Plaintiff and Ms. Jafari were insured with the Defendants and paid their premiums.

13. A driver caused a car accident and fled the scene.

14. The Plaintiff and the driver were injured in the car accident.

15. The Plaintiff and the driver sought and received medical treatment later that evening of the accident.

16. The Plaintiff and Ms. Jafari sent their bills and medical reports to the Defendants.

17. The Plaintiff's counsel made a demand for settlement.

18. The Defendants made zero effort to settle the matter.

19. Total Medical bills are over $100,000

- 4 -

COMPLAINT FOR BAD FAITH, NEGLIGENCE AND BREACH OF CONTRACT

## SECOND CAUSE OF ACTION

### .(Breach of Contract Against Defendants Progressive and Geico)

20. Plaintiff repeats and realleges the allegations of paragraphs 1 through 19 of this complaint as though set forth in full herein.

21. The Policies constitute a written contract under which Defendants agreed, in consideration of the premiums paid, to defend and indemnify plaintiff against certain claims, including claims for personal injury.

22. Plaintiff and Ms. Jafari have performed all conditions, covenants and obligations required of them to be performed under the Policies.

23. The Defendants have breached the express and implied terms of the Policies by:

(a) expressly and impliedly repudiating their obligations under the Policies to defend and indemnify plaintiff; and,

(b) failing to settle this matter and cover the injuries suffered by the Plaintiff and Ms. Jafari.

24. As a direct and proximate result of the aforementioned conduct of defendants and each of them, plaintiff has been damaged in a sum in excess of the jurisdiction of this Court to be determined according to proof at trial of this matter.

## THIRD CAUSE OF ACTION

### (Breach of Covenant of Good Faith and Fair Dealing Against Defendants Progressive and Geico)

25. Plaintiff repeats and realleges the allegations of paragraphs 1 through 24 of this complaint as though set forth in full herein.

26. The Policies created an implied covenant of good faith and fair dealing under which

COMPLAINT FOR BAD FAITH, NEGLIGENCE AND BREACH OF CONTRACT

Defendants undertook not to engage in any acts, conduct or omissions that would impair or diminish the rights and benefits due Plaintiff under the Policies. Defendants ortiously breached the implied covenant of good faith and fair dealing by, among other things: refusing to settle matters in good faith, doing no investigation, not covering the legitimate claims, and dishonestly accusing the Plaintiff and Ms. Jafari of fraud with no evidence of said fraud.

27. The foregoing acts and omissions were engaged in with the knowledge that coverage and a duty to defend and indemnify Plaintiff existed under the Policies, and in conscious disregard of Plaintiff 's rights under the Policies.

28. As a direct and proximate result of the aforementioned conduct of Defendants, Plaintiff has been damaged in a sum in excess of the jurisdiction of this Court to be determined according to proof at trial of this matter.

33.    As a further direct and proximate result of the aforementioned conduct of Defendants, Plaintiff and Ms. Jafari have suffered other special damages in the amounts according to proof at the time of trial which include, but are not limited to, the lack of the availability of said sums to it.

34.    The acts alleged were part of Defendants ordinary  business practice designed to keep from paying Policy benefits which were and are legitimately owed to the Plaintiff in order to increase their profits. In doing so, and in doing the acts set forth above,  Defendants _acted despicably, willfully, wantonly, oppressively, fraudulently and/or in conscious disregard of the rights of Plaintiffs .

35.    Plaintiff therefore seeks exemplary damages in a sum to be set by the jury in an amount sufficient to punish Defendants and to be certain that they never again perpetrate such evils upon Policyholders.

- 6 -

COMPLAINT FOR BAD FAITH, NEGLIGENCE AND BREACH OF CONTRACT

## FOURTH CAUSE OF ACTION

### (Bad Faith Against Defendants Progressive and Geico)

36.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 35 of this complaint as though set forth in full herein.

37. The Defendants made no effort to investigate the report of an accident. The Defendants made no effort to interview the Plaintiff and the driver Sarah Jafari. The Defendant Progressive simply lied and accused Plaintiff and the bad driver of fraud.

38. The Plaintiff suffered a loss covered under an insurance policy issued by the Defendants.

39. The Plaintiff properly presented a claim to the Defendants to be to be compensated for the loss.

40. The  Defendants failed to conduct a full, fair, prompt, and thorough investigation of all of the bases of Plaintiff's claim.

41. The Plaintiff was harmed and the Defendants' failure to properly investigate the claim was a substantial factor in causing Plaintiff's harm.

42. As a direct and proximate result of the aforementioned conduct of Defendants, Plaintiff has been damaged in a sum in excess of the jurisdiction of this Court to be determined according to proof at trial of this matter.

43.    As a further direct and proximate result of the aforementioned conduct of Defendants, Plaintiffs have suffered other special damages in the amounts according to proof at the time of trial which include, but are not limited to, the lack of the availability of said sums to it.

44.    Plaintiff therefore seeks exemplary damages in a sum to be set by the jury in an amount sufficient to punish Defendants and to be certain that they never again perpetrate such evils upon Policyholders.

COMPLAINT FOR BAD FAITH, NEGLIGENCE AND BREACH OF CONTRACT

## FIFTH CAUSE OF ACTION

### (Declaratory Relief Against Defendants)

45. Plaintiff repeats and realleges the allegations of paragraphs 1 through 44 of this complaint as though set forth in full herein.

46. An actual, present and justiciable controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights, duties and obligations under the Policies.

47. Plaintiff contends that the express and implied terms of the Policies require Defendants to defend, indemnify and reimburse Plaintiff and Ms. Jafari with respect to all causes of action in the underlying complaint.

48. Plaintiff is informed and believes and on that basis alleges that Defendants dispute these claims and contends it has no obligation to defend, indemnify or reimburse Plaintiff with respect to the underlying complaint.

49. A judicial determination of this controversy is necessary and appropriate for the parties to ascertain their respective rights, duties and obligations under the Policies.

**WHEREFORE**, plaintiff prays for judgment against defendants, and each of them, as follows:

1. For general, special and consequential damages according to proof, in the minimum of $100,000;

2. For exemplary damages according to proof, in the minimum of $200,000;

3. For reasonable attorney's fees and costs and expenses of litigation according to proof;

- 8 -

COMPLAINT FOR BAD FAITH, NEGLIGENCE AND BREACH OF CONTRACT

4.    For a judicial determination that Defendants are obligated under the express and implied terms of the Policies to defend, indemnify and reimburse Plaintiff with respect to the underlying complaint;

5.    For interest according to proof; and

6.    For such other and further relief as the Court may deem just and proper.


Dated: October 7, 2025

*Vincent Miller*

_____
Vincent Miller, ATTORNEY FOR PLAINTIFF


## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action.


Dated: October 7, 2025

*Vincent Miller*

_____
Vincent Miller, ATTORNEY FOR PLAINTIFF


- 9 -
COMPLAINT FOR BAD FAITH, NEGLIGENCE AND BREACH OF CONTRACT