Vincent Miller (SBN 291973)
vincent@vincentmillerlaw.com
James Jirn (SBN 241189)
james@vincentmillerlaw.com
Nick Sage (SBN 298972)
nick@ vincentmillerlaw.com
THE LAW OFFICES OF VINCENT MILLER
16255 Ventura Boulevard, Suite 625
Encino, CA 91436
Tel.: (213) 948-5702 | Fax: (818) 450-0698

Attorneys for Plaintiff
FRANCES RAFTARI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCES RAFTARI,<br><br>                    Plaintiff,<br><br>        v.<br><br>UNITED FINANCIAL CASUALTY COMPANY, an Ohio corporation; GOVERNMENT EMPLOYEES INSURANCE COMPANY (aka GEICO), and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No.: 2:25-cv-11290-MWF (BFMx)<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>**1. BREACH OF CONTRACT**<br>**2. BREACH OF COVENENT OF GOOD FAITH AND FAIR DEALING**<br>**3. BAD FAITH**<br>**4. DECLARATORY RELIEF**<br><br>Assigned to Hon. Michael W. Fitzgerald<br>Courtroom: 5A |

Plaintiff FRANCES RAFTARI alleges as follows:

## INTRODUCTION

1.      The underlying auto insurance claim should have been accepted and the matter resolved by the insurers. On June 4, 2023, Plaintiff was a passenger in an automobile driven by Sarah Jafari. A driver in another vehicle caused an accident with Ms. Jafari's vehicle and fled the scene ("Incident"). Plaintiff and Ms. Jafari were injured and received medical treatment later that evening. After their treatment was completed, their attorney sent Defendants a summary of

treatment and medical bills with a demand for settlement. Defendants, however, made no effort to settle the claim. Without undertaking an investigation of the accident, they accused Ms. Jafari and Plaintiff of fraud and denied the claim.

**THE PARTIES**

2.     Plaintiffs Frances Raftari ("Plaintiff") at all times herein mentioned is and was an individual residing in the County of Los Angeles, State of California.

3.     Defendant United Financial Casualty Company, an Ohio corporation ("UFCC"), issued an auto insurance policy to Ms. Jafari ("UFCC Policy") in effect at the time of the Incident.

4.     Defendant Government Employees Insurance Company ("GEICO") issued an auto insurance policy to Ms. Jafari in effect at the time of the Incident.

5.     Plaintiff is informed and believes, and thereon alleges, that defendants UFCC and GEICO ("Defendants") at all times herein mentioned were and are corporations registered to do business in the State of California.

6.     This action was originally filed in the Superior Court of California but subsequently removed by UFCC to this Court based on diversity jurisdiction.

7.     The true names and/or capacities, whether individual, corporate, associate or otherwise, of the defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff at this time, who therefore sue said defendants by such fictitious names. Plaintiffs are informed and believe and therefore allege that each of the defendants designated herein by fictitious name is in some manner responsible for the events and happenings herein referred to and caused damages proximately and foreseeably thereby to Plaintiff as hereinafter alleged. Plaintiff will amend this Complaint when they have ascertained their true names and capacities.

8.     The auto insurance policies issued by Defendants provided coverage for, among other things, personal injury as defined by the policies. The policies also included uninsured motorist coverage. The driver's and the Plaintiff's policies

2

here included coverage for the hit and run accident caused by the unidentified driver.

## GENERAL ALLEGATIONS

9. Plaintiff was a passenger in a vehicle owned and driven by Sarah Jafari on June 4, 2023. Another driver collided with Ms. Jafari's car and fled the scene. Plaintiff was injured.

10. Plaintiff's injury was the result of no fault of her own. The accident caused Plaintiff permanent injuries to her neck, spine, and knee, and she suffers from severe insomnia despite intensive treatment with spinal injections. She faces future medical costs with further treatment.

11. Plaintiff sent Defendants her medical bills and reports in the amount of $66,503.49. Plaintiff will require future treatment (including with ablation of the medial branch nerve), costing a minimum of $35,000, bringing her total bills to $101,503.49.

12. Defendants did not interview Plaintiff or undertake an investigation of the Incident. Defendants without any basis accused Plaintiff of submitting fraudulent claims. Defendants made no effort to resolve or settle Plaintiff's claim.

### FIRST CAUSE OF ACTION
**Breach of Contract**
**(Against All Defendants)**

13. Plaintiff repeats and realleges the allegations of preceding paragraphs of this complaint as though fully set forth herein.

14. The UFCC and GEICO policies (together, the "Policies") constitute written contracts under which Defendants agreed, in consideration of the premiums paid, to defend and indemnify Plaintiff against certain claims, including claims for personal injury.

15. Plaintiff and Ms. Jafari have performed all conditions, covenants and obligations required of them to be performed under the Policies.

16. Defendants breached the express and implied terms of the Policies by

3

(a) expressly and impliedly repudiating their obligations under the Policies to defend and indemnify Plaintiff, and (b) denying coverage for Plaintiff's injuries.

17.    As a direct and proximate result of the foregoing conduct of Defendants and each of them, Plaintiff has been damaged in a sum to be determined according to proof at trial of this matter.

**SECOND CAUSE OF ACTION**
**Breach of the Covenant of Good Faith and Fair Dealing**
**(Against All Defendants)**

18.    Plaintiff repeats and realleges the allegations of preceding paragraphs of this complaint as though fully set forth herein.

19.    The Policies created an implied covenant of good faith and fair dealing under which Defendants promised not to engage in any acts, conduct or omissions that would impair or diminish the rights and benefits due Plaintiff under the Policies.

20.    Plaintiff did all or substantially all of the significant things that the contract required her to do. All conditions required for Defendants' performance under the Policies occurred.

21.    Defendants breached the implied covenant of good faith and fair dealing by, among other things, by failing to investigate the Incident and refusing to consider and accept Plaintiff's claim. Defendants' conduct was not fair or in good faith.

22.    The foregoing acts and omissions were engaged in with the knowledge that coverage and a duty to defend and indemnify Plaintiff existed under the Policies, and in conscious disregard of Plaintiff's rights under the Policies.

23.    As a direct and proximate result of the foregoing conduct of Defendants and each of them, Plaintiff has been damaged in a sum to be determined according to proof at trial of this matter.

24.    As a further direct and proximate result of the foregoing conduct of

4

Defendants, Plaintiff has suffered other special damages in the amounts according to proof at the time of trial.

25. The acts alleged were part of Defendants' ordinary business practice designed to avoid paying benefits under the Policies to Plaintiff in order to increase their profits. In doing so, and in doing the acts set forth above, Defendants acted despicably, willfully, wantonly, oppressively, fraudulently and/or in conscious disregard of the rights of Plaintiff.

26. Plaintiff therefore seeks exemplary damages in a sum to be set by the jury in an amount sufficient to punish Defendants and to be certain that they never again perpetrate such harms upon Policyholders.

### THIRD CAUSE OF ACTION
**Bad Faith**
**(Against All Defendants)**

27. Plaintiff repeats and realleges the allegations of preceding paragraphs of this complaint as though fully set forth herein.

28. Defendants failed to investigate the Incident. Defendants failed to interview Plaintiff or Ms. Jafari. Defendant UFCC falsely accused Plaintiff and the unidentified driver of the fleeing vehicle of fraud.

29. Plaintiff suffered a loss covered under the Policies issued by Defendants.

30. Plaintiff properly presented a claim to Defendants for compensation of her losses.

31. Defendants failed to conduct a full, fair, prompt, and thorough investigation of all of the bases of Plaintiff's claim.

32. Defendants' failure to properly investigate the claim was a substantial factor in causing Plaintiff's harm.

33. As a direct and proximate result of the foregoing conduct of Defendants and each of them, Plaintiff has been damaged in a sum to be determined according to proof at trial of this matter.

5

34.     As a further direct and proximate result of the foregoing conduct of Defendants, Plaintiff has suffered other special damages in the amounts according to proof at the time of trial.

35.     Plaintiff seeks exemplary damages in a sum to be set by the jury in an amount sufficient to punish Defendants and to be certain that they never again perpetrate such harm upon Policyholders.

## FOURTH CAUSE OF ACTION
### Declaratory Relief
### (Against All Defendants)

36.     Plaintiff repeats and realleges the allegations of preceding paragraphs of this complaint as though fully set forth herein.

37.     An actual, present and justiciable controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights, duties and obligations under the Policies.

38.     Plaintiff contends that the express and implied terms of the Policies require Defendants to defend, indemnify and reimburse Plaintiff with respect to all causes of action in this complaint.

39.     Plaintiff is informed and believes and thereon alleges that Defendants dispute these claims and contend that they have no obligation to defend, indemnify or reimburse Plaintiff with respect to the underlying complaint.

40.     A judicial determination of this controversy is necessary and appropriate for the parties to ascertain their respective rights, duties and obligations under the Policies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.     For general, special and consequential damages according to proof, in the minimum amount of $100,000;

2.     For exemplary damages according to proof, in the minimum of

6

amount of $200,000;

3. For reasonable attorney's fees and costs and expenses of litigation according to proof;

4. For a judicial determination that Defendants are obligated under the express and implied terms of the Policies to defend, indemnify and reimburse Plaintiff with respect to the claims asserted herein;

5. For interest according to proof; and

6. For such other and further relief as the Court may deem just and proper.

Dated: December 23, 2025        THE LAW OFFICES OF VINCENT MILLER

/s/ *Vincent Miller*
Vincent Miller
Attorneys for Plaintiff
FRANCES RAFTARI

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action.

Dated: December 23, 2025        THE LAW OFFICES OF VINCENT MILLER

/s/ *Vincent Miller*
Vincent Miller
Attorneys for Plaintiff
FRANCES RAFTARI

7

SECOND AMENDED COMPLAINT