

Vincent Miller (SBN 291973)
vincent@vincentmillerlaw.com
James Jirn (SBN 241189)
james@vincentmillerlaw.com
Vincent Wang (SBN 350777)
nick@vincentmillerlaw.com
THE LAW OFFICES OF VINCENT MILLER
16255 Ventura Boulevard, Suite 625
Encino, CA 91436
Tel.: (213) 948-5702 | Fax: (818) 450-0698

Attorneys for Plaintiff
FRANCIS RAFTARI


KENNY BROOKS (SBN 254842)
kbrooks@nemecek-cole.com
NEMECEK & COLE
A Professional Corporation
16255 Ventura Boillevard, Suite 300
Encino, California 91436-2300
Tel: (818) 788-9500 / Fax: (818) 501-0328

Attorneys for Defendant
UNITED FINANCIAL CASUALTY COMPANY
(erroneously named as Progressive Insurance, Inc.)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCES RAFTARI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED FINANCIAL CASUALTY COMPANY, an Ohio corporation; GOVERNMENT EMPLOYEES INSURANCE COMPANY (aka GEICO), and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:25-cv-11290-MWF-BFM<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference<br>Date: March 2, 2026<br>Time: 11:00 a.m.<br>Courtroom: 5A<br><br>Trial Date: Not Set |

JOINT RULE 26(F) REPORT

Pursuant to the Court's January 15, 2026, Order Setting Scheduling Conference in Civil Case and in accordance with Federal Rules of Civil Procedure, rules 16 and 26(f), counsel for Plaintiff Frances Raftari and Defendant United Financial Casualty Company met and conferred on February 5, 2026, and now jointly submit this Joint Rule 26(f) Report.

## A.    Statement of the Case

### 1.    By Plaintiff

Plaintiff was a passenger in a vehicle owned and driven by Sarah Jafari. Another driver collided with Ms. Jafari's car and fled the scene. Plaintiff was injured.

The accident caused Plaintiff permanent injuries to her neck, spine, and knee, and she suffers from severe insomnia despite intensive treatment with spinal injections.

Defendant United Financial Casualty Company ("UFCC") had issued an auto insurance policy (the "Policy") to Ms. Jafari in effect at the time of the accident. Plaintiff filed a claim with UFCC.

Without interviewing Plaintiff or undertaking an investigation of the incident, Defendants without any basis accused Plaintiff of submitting fraudulent claims. Defendants made no effort to resolve or settle Plaintiff's claim.

### 2.    By Defendant

Plaintiff alleges that, on June 4, 2023, she was a passenger in a vehicle owned and driven by Sarah Jafari when the vehicle was struck by a phantom hit-and-run driver. As UFCC had issued an automobile insurance policy to Jafari, the matter was reported to UFCC on June 8, 2023. UFCC made payment to the lienholder on Jafari's vehicle (Ally Financial) pursuant to the collision coverage under the policy. Approximately six (6) months later, Jafari and Plaintiff asserted a claim for bodily injuries under the uninsured motorist provision of the policy. UFCC performed extensive investigation in connection with the bodily injury claim. That investigation revealed material misrepresentations in connection with the claim by Jafari and Plaintiff. In addition, Jafari and Plaintiff also refused to cooperate with UFCC's investigation as required by the policy.

2

**B.      Subject Matter Jurisdiction**

The parties agree that this Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332(a).

**C.      Legal Issues**

Whether Defendant breached the express and implied terms of the Policy when it denied Plaintiff's claim.

Whether Defendant acted in bad faith when it denied Plaintiff's claim.

Whether the Defendant breach the covenant of good faith and fair dealing when it denied Plaintiff's claim.

**Parties, Witnesses, Evidence**

**1.      Parties**

Plaintiff: Frances Raftari

Defendant: United Financial Casualty Company

Defendant: GEICO (to be dismissed by Plaintiff)

**2.      Witnesses**

Frances Raftari

Sarah Jafari

UFCC's claims handling personnel involved in the matter (Douglas Jacobs, Kim Takara-Lancaster, Melissa Villalobos-Chen, Ashley Semerc, Adam Joseph, Emily Lora, Naylis Cruz, Sharon Grossman, Justo Padron, Margaret Roberts, Kaytie Hubis, Danell Martinez, William Cook, Robert Justice, Heidi Valentin Elliott, Yesenia Garcia, Valerie O'Briant, Payton Mass, Christian Macabasco, Lacey Yelverton, Tania Mena, James Johnson, Andrea Taylor, Ash Abdallah, Richard Branham, Stephany Somoza, Erin Parker, Yvonne Gutierrez, Annette Lewis, Pamela Brown, and Zoila Bautista-Ornelas.

**3.      Evidence**

The following list is not exhaustive, as discovery is ongoing.

Correspondences with claims adjuster

Plaintiff's medical records and bills

3

Defendant's Claim file and documents referenced therein.

**D.     Damages**

    **1.     Plaintiff**:

Economic damages in excess of $100,000 and exemplary damages in the minimum amount of $200,000. General damages to be determined at trial.

    **2.     Defendant**:

N/A

**E.     Insurance**

Defendant issued auto insurance policy to the driver of the vehicle, Sarah Jafari who is not a party to this action.

**F.     Motions**

    **1.     Plaintiff**:

Plaintiff does not anticipate dispositive motions but reserves the right to file any should such need arise.

    **2.     Defendant**:

Defendant does not anticipate filing any non-dispositive motions.

**G.     Dispositive Motions**

Defendant anticipates filing a dispositive motion on the issue of insurance bad faith and punitive damages.  Defendant may file a dispositive motion as to the entire action.

**H.     Manual for Complex Litigation**

The Parties agree that the Manual for Complex Litigation need not be utilized in this case.

**I.     Status of Discovery**

As the pleadings were only recently settled, the Parties have not commenced written discovery.

**J.     Discovery Plan**

The Parties agree that written discovery requests and their responses shall be

4

governed by the applicable provisions of the Federal Rules of Civil Procedure ("FRCP"), including the form and scope of those requests, the deadlines for responses, and initial disclosures under FRCP Rule 26(a)(1). The Parties also agree that expert disclosures shall be by Code under the FRCP.

The Parties do not request any changes to the limitations on interrogatories and depositions contained in the Federal Rules of Civil Procedure. In the event that additional interrogatories, more time or additional depositions are needed, the Parties will seek Court approval.

The Parties do not believe it will be necessary to conduct discovery in phases or to otherwise preemptively limit discovery in this action. The Parties reserve the right to seek appropriate relief from the Court, including protective orders, if the circumstances warrant.

The Parties reserve the right to request that the Court enter a Stipulation and Protective Order to govern the disposition of confidential information produced in discovery.

The Parties may obtain discovery of facts supporting or relating to Plaintiff's claims and requests for damages, including any defenses thereto. The Parties agree that discovery should be conducted as to all claims and defenses set forth in the pleadings.

Plaintiff intends to serve written discovery and conduct depositions of Defendant and third-party witnesses.

The County intends to serve intends to serve written discovery and take the depositions of Plaintiff, third party witnesses, Plaintiff's treating physicians, and any individuals Plaintiff identify who have knowledge of his claims.  Defendant may also seek to conduct an independent medical/mental evaluation of Plaintiff.

**K.      Discovery Cut-off**

Please see **Exhibit A** attached hereto, Schedule of Pretrial and Trial Dates Worksheet, for the Parties' proposed fact discovery cut-off.

**L.      Expert Discovery**

5

Please see **Exhibit A** attached hereto, Schedule of Pretrial and Trial Dates Worksheet, for the Parties' proposed expert discovery cut-off.

**M.     Settlement Efforts to Date and ADR**

None.

**N.     Trial Estimate**

2-3 days.

**O.     Trial Counsel**

**1.     For Plaintiff**

Vincent Miller and James Jirn, Law Offices of Vincent Miller.

**2.     For Defendant**

Kenny Brooks, Nemecek & Cole.

**P.     Independent Expert of Master**

The Parties do not believe the appointment of an independent expert or master is appropriate for this case.

**Q.     Schedule Worksheet**

See attached, **Exhibit A**.

**R.     Other Issues**

None.

Dated: February 16, 2026

THE LAW OFFICES OF VINCENT MILLER

/s/ *Vincent Miller*
Vincent Miller
James J. Jirn
Attorneys for Plaintiff FRANCES RAFTARI

6

Dated: February 16, 2026

NEMECEK & COLE, a Professional Corporation


/s/ *Kenny Brooks*
Kenny Brooks
Attorneys for Defendant UNITED FINANCIAL CASUALTY COMPANY

7